Slip Op. 08 - 110

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| AGRO DUTCH INDUSTRIES LIMITED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Before: MUSGRAVE, Senior Judge** |
| | : | Court. No. 02-00499 |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| COALITION FOR FAIR PRESERVED MUSHROOM TRADE, | : | |
| | : | |
| Defendant-Intervenor. | : | |

[Motion granted to amend judgment on antidumping duty administrative review.]

**OPINION AND ORDER**

Dated: October 17, 2008

*Garvey Schubert Barer* (*Lizbeth R. Levinson*, *Ronald M. Wisla*) for the plaintiff.

*George G. Katsas*, Assistant Attorney General, *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Richard P. Schroeder*); and International Office of Chief Counsel for Import Administration, United States Department of Commerce (*Hardeep K. Josan*), of counsel, for the defendant.

*Collier, Shannon, Scott, PLLC* (*Adam H. Gordon* and *Michael J. Coursey*) for the defendant-intervenor.

This opinion presumes familiarity with prior proceedings in the matter. The plaintiff Agro Dutch Industries Ltd. provided no comment following the Results of Redetermination Pursuant to Remand ("*Redetermination*") of *Certain Preserved Mushrooms From India: Final Results of*

*Antidumping Duty Administrative Review*, 67 Fed. Reg. 46,172 (July 12, 2002) submitted by the International Trade Administration, U.S. Department of Commerce ("Commerce"), but it now seeks to amend the Judgment pursuant to USCIT Rules 59(e) and 60(a) to specify mandatory reliquidation of all entries liquidated upon Commerce' instruction at the original and erroneous antidumping duty rate by what was then the U.S. Bureau of Customs and Border Protection ("Customs," including its latest incarnation), after this action was commenced, after Commerce changed its liquidation policy, and one day before liquidation was enjoined. Agro Dutch thereafter amended its Complaint to invoke the Court's residual jurisdiction under 28 U.S.C. § 1581(i) and plead that the government's "premature" liquidation was based upon instructions from Commerce that "were arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law."[1] Compl. ¶ 22. *See* Slip Op. 08-50 (May 8, 2008). The relief Agro Dutch seeks will be granted in part, as follows.

The antidumping statute requires liquidation of entries covered by Commerce's administrative determination unless enjoined by order of this Court. *See* 19 U.S.C. §§ 1516a(c) & (e). Thus, the parties here again focus on Commerce's then-new 15-day liquidation policy,[2] whether

---

[1] Agro Dutch would have better served its own interests and those of this proceeding by updating its treatment of the issue (as it has here done) during the comment period on the *Redetermination*, particularly in view of new case law since it first briefed the issue in early 2003.

[2] *See also Agro Dutch Indus. Ltd. v. United States*, 29 CIT 20, 358 F.Supp.2d 1293 (2005). The policy has been a matter of some controversy. *See Announcement Concerning Issuance of Liquidation Instructions Reflecting Results of Administrative Reviews* (Dep't Comm., Aug. 9, 2002). *Cf., e.g., Tianjin Machinery Import & Export Corp. v. United States*, 28 CIT 1635, 353 F.Supp.2d 1294 (2004) *with Mittal Steel Galati S.A. v. United States*, 31 CIT ___, 491 F.Supp.2d 1273 (2007). Agro Dutch did not claim that the liquidation instructions as issued were not "in accordance with" the original final administrative review results but rather that Commerce's new 15-day liquidation policy, the cause of the liquidation problem at issue, is unlawful, and, further, implied that success on the merits of its 28 U.S.C. § 1581(c) action would consequently render the liquidation instructions
(continued...)

the liquidations were pursuant to that policy and lawful or unlawful, who did what and when, *et cetera*,³ but at this stage a decision on the "technical" legality of the liquidations is of less moment to amending the judgment. What is important at this stage is (1) that the liquidations resulted in the assessment of unfair trade duties at an unfair rate that has since been invalidated, *see* Slip Op. 08-50, (2) that these liquidations apparently occurred in spite of the parties' ultimate good faith (presumed)

---

² (...continued)
unlawful in their own right. *Cf.* 19 U.S.C. § 1675(a)(2)(C) (the results of an administrative review "shall be the basis for the assessment of . . . antidumping duties on entries of merchandise covered by the determination") *with* 19 U.S.C. § 1516a(e) (liquidation in accordance with final judicial decision).

³ The dispute concerns the following timeline:
- July 5, 2002, Commerce issues final results of the underlying review.
- July 12, 2002, Commerce publishes results of review in the Federal Register.
- July 19, 2002, Agro Dutch files summons and complaint commencing appeal; thereafter Agro Dutch replaces counsel.
- August 9, 2002, Commerce announces a new liquidation instructions issuance policy; Agro Dutch files substitution of counsel.
- August 18, 2002, USCIT Rule 56.2 deadline for motion to enjoin liquidation.
- August 23, 2002, Commerce issues the liquidation instructions at issue to Customs.
- September 26, 2002, Agro Dutch files consent motion to enjoin liquidation (subsequently refiled on September 30, 2002).
- October 1, 2002, Court grants preliminary injunction, with effect from the fifth business day after personal service upon the government.
- October 4, 2002, Customs liquidates most (if not all) of Agro Dutch's entries, the same day, as represented by government counsel, that Agro Dutch personally serves the injunction.
- October 8, 2002 (or October 11, 2002, if the government's representation on service is accurate), preliminary injunction to take effect.

(In its Answer to the Complaint, the government raised the affirmative defenses of estoppel, laches and waiver. Ans. ¶¶ 25-27. Laches appears inapplicable, because even if it could be proven that Agro Dutch unreasonably delayed asserting its rights, the government appears unable to prove material prejudice as a result of such delay. *Cf.* Slip Op. 08-50 *with*, *e.g.*, *Lincoln Logs Ltd. v. Lincoln Pre-Cut Log Homes, Inc.*, 971 F.2d 732 (Fed. Cir. 1992) *and Freeport Minerals Co. v. United States*, 758 F.2d 629 (Fed. Cir. 1985). Further, estoppel and waiver appear rather relevant to the issue of the government's consent to injunction and its apparent insistence on effectiveness on the fifth day after personal service.)

effort to enjoin liquidation pursuant to 19 U.S.C. § 1516a(c),[4] and (3), to a lesser extent, that the liquidations were thereafter protested to Customs in order to provide some continued protection, *see* Pl.'s Mot to Amend Judg., Ex. 1.[5]  As to all three, the government's strongest argument is that under *SKF USA, Inc. v. United States*, 512 F.3d 1326 (Fed. Cir. 2008), the rule of *Zenith* would be violated by "backdating" the grant of injunction to a date prior to when the contested entries were actually liquidated.  *Cf.* 512 F.3d at 1332 *with Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983).  The facts of *SKF*, however, stand in contrast to this matter, in which the Court granted the parties' consent to enjoin *before* liquidation occurred, at least as to certain entries.

Assuming the government acted in good faith in requesting the plaintiff's consent to a five-day delay in the effective date of the injunction, liquidation apparently occurred in this matter only as a result of what might best be charitably described as "inadvertence."  Further, liquidation did *not* moot judicial review of the administrative review.  *See* Slip Op. 08-50.  Therefore, it does not follow that substituting, *nunc pro tunc*, to an effective date for the injunction that comports with the parties' intention to enjoin would violate the rule of *Zenith* in this matter.

---

[4] *See*, *e.g.*, Pl.'s Br. in Support of Mot. for Judg. Upon the Agency Record at 25 (the government's consent to preliminary injunction "clearly intended that the entries that will be affected by the Court's decision in this lawsuit would be subject to the injunction, and it is only the accident of their coincidental early liquidation that frustrated that intent") & Pl.'s Mot to Amend Judg., Ex. 1 (letter dated Dec. 26, 2002 ("Letter") from counsel to U.S. Customs Service (as it was then known), at 7-8) (same).  No explanation has been offered for the five-day delay in the effective date of the injunction except that it is alleged to have been at the insistence of the government, *see*, *e.g.*, *id.*, Letter at 5, which the government does not refute.

[5] *Cf. Mittal Steel Galati S.A. v. United States*, 31 CIT ___, 521 F.Supp.2d 1409 (2007).  But, jurisdiction under 28 U.S.C. § 1581(a) does not extend to protests of mere ministerial acts of Customs on instruction from Commerce.  *See*, *e.g.*, *Mitsubishi Electronics America, Inc. v. United States*, 44 F.3d 973 (Fed. Cir. 1994).

Furthermore, *Shinyei Corp. of America v. United States*, 524 F.3d 1274 (Fed. Cir. 2008) ("*Shinyei II*") and *Shinyei Corp. of America v. United States*, 355 F.3d 1297 (Fed. Cir. 2004) ("*Shinyei I*") hold that actual or deemed liquidation of unfair trade duties do not, necessarily, deprive the Court of jurisdiction to relieve improper liquidation instruction from Commerce to Customs. These two cases thus clarify that liquidation did not, necessarily, moot the relief Agro Dutch seeks. *Cf. Shinyei II*, 524 F.3d at 1283 (limiting the applicability of the rationale of *SKF* among cases "hold[ing] only that when an entry is deemed liquidated, the duty rate is the deposit rate, and Customs may not recover *additional* duties from the importer thereafter") (italics in original). Rather, the *Shinyei* cases reveal that the government's position here is not unassailable.

By its motion, Agro Dutch appeals to the equitable power of the Court, 28 U.S.C. § 1585, in asserting that the importer of record, a non-party, would be rendered insolvent unless the proper rate of antidumping duties is assessed through reliquidation. That circumstance stands in stark contrast to the "justice" of the government's claim, which amounts to potential award of erroneous and excessive unfair trade duties to which it would not otherwise be entitled (*see* Slip Op. 08-50) but for the pure technicality of the consequence to justiciability of liquidation. The inequity of the potential consequence to the importer of record, of denial of the instant motion at this stage, thus favors granting the relief Agro Dutch seeks, even if the record indications of plaintiff dilatoriness during the course of these proceedings most emphatically do not, in this hopefully unique matter.

Under USCIT Rule 59(e), via (a)(2), the judgment may be amended "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States[,]" one of which is to prevent manifest injustice. *Cf. Doe v. New York City Dep't of Social*

*Servs*., 709 F.2d 782, 789 (2d Cir.1983). The circumstances of this case compel the conclusion that the Court has not been deprived of 28 U.S.C. § 1581(i) jurisdiction over the "administration and enforcement" of proper liquidation instruction on the applicable antidumping duties for the entries at bar by their "inadvertent" liquidation, because manifest injustice would apparently result to a non-party if the plaintiff's motion were not granted. Further, in the interests of judicial economy and the parties' resources the court will except requiring a fuller presentation of Agro Dutch's evidence to support its representations by way of a formal hearing and will accept as credible and sufficient for the purpose of the instant motion the various assertions and representations found in counsels' briefs with respect to the financial position of the importer of record. *See*, *e.g.*, Pl.'s Mot to Amend Judg., Ex. 1, Letter at 7 (the "importer of record . . . now faces Customs bills totaling many times greater than its total corporate assets").

Therefore, upon consideration of Agro Dutch's motion to amend, and all other papers and proceedings had herein, the motion is hereby granted to the effect that the effective date of the injunction is hereby amended, *nunc pro tunc*, to October 1, 2002, the date the Court granted the injunction; and to the effect that all entries of subject merchandise on that date or subsequently liquidated pursuant to the final results of the Department of Commerce, International Trade Administration, published at 67 Fed. Reg. 46,172 (July 12, 2002) shall hereby be reliquidated in accordance with this Court's Judgment in Slip Op. 08-50 (May 8, 2008). As to entries liquidated before such date, the Court retains no jurisdiction. *Cf. SKF*, *supra*, *with Shinyei I & Zenith*, *supra*.

**SO ORDERED**.

Dated: October 17, 2008                           /s/  R. Kenton Musgrave
       New York, New York                     R. KENTON MUSGRAVE, Senior Judge

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                     Deputy Clerk